## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MELVIN A. PACHECO,

       Plaintiff,

v.                                                 No. CV-13-1082 CG

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

       Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Melvin Pacheco's *Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for Rehearing, With Supporting Memorandum*, ("Motion"), (Doc. 15), filed June 27, 2014; *Defendant's Response to Plaintiff's Motion to Reverse and/or Remand the Administrative Agency Decision*, ("Response"), (Doc. 16), filed August 14, 2014; and Plaintiff's *Reply to Defendant's Response to Plaintiff's Motion to Reverse and/or Remand the Administrative Agency Decision*, ("Reply"), (Doc. 17), filed September 10, 2014.

On October 16, 2009, Mr. Pacheco filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423 and 1382c, alleging disability commencing January 1, 2008. (Administrative Record "AR" 139-42, 143-45). His claim for benefits was initially denied, (AR 61-64, 65-68), and again upon reconsideration. (AR 76-78, 79-82). A request for a hearing was filed on December 30, 2010, (AR 83-84), and a hearing was held on May 24, 2012 before Administrative Law Judge ("ALJ") Ann Farris. (AR 13-23). Mr. Pacheco, Diane Diaz, and Pamela Bowman, an impartial vocational expert ("VE"), testified at the hearing. (*Id.*) Mr. Pacheco was represented at the hearing by

attorney Michael Armstrong. (AR 13). ALJ Farris issued an unfavorable decision on May 24, 2012, finding that Mr. Pacheco was not disabled under the Social Security Act from January 1, 2008 through the date of the decision. (AR 23). Through counsel, Mr. Pacheco filed an application for review by the Appeals Council on May 29, 2012, which was summarily denied, (AR 1–3), making the decision of ALJ Farris the final decision of the Commissioner of the Social Security Administration (the "Commissioner") for purposes of this appeal.

Mr. Pacheco argues that the ALJ committed reversible, legal error by: (1) rendering a residual functional capacity ("RFC") finding that is contrary to the evidence in the record and the law; (2) failing to develop the record by ordering a consultative psychological evaluation; and (3) omitting any limitation regarding pulmonary irritants in the hypothetical question to the VE, rendering the adoption of the VE testimony contrary to the ALJ's RFC finding. (Doc. 15 at 4).

The Court has reviewed the Motion, the Response, the Reply, and relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. Because the ALJ did not properly weigh the medical opinions in the record, the Court finds that the Motion should be **GRANTED** and that this case be **REMANDED** to the Commissioner for further proceedings.

## I.      Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98

(10th Cir. 1992)). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, not the Appeals Council's denial of review. 20 C.F.R. § 404.981; *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

**II.     Applicable Law and Sequential Evaluation Process**

For purposes of disability insurance benefits (DIB) and supplemental security income (SSI), a person establishes a disability when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). In light of this definition for disability, a five-step sequential evaluation process has been established for evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At the first four steps of the SEP, the claimant has the burden to show that: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) his impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If the ALJ determines the claimant cannot engage in past relevant work, she will proceed to step five of the evaluation process. At step five the burden of proof shifts to the Commissioner to show the claimant is able to perform other work in the national economy, considering his RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1257.

## III.   Background

Mr. Pacheco initially applied for DIB and SSI alleging Bell's Palsy, lymphadenitis, kidney and liver problems, back pain, arthritis, headaches, head injury, depression,

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

anxiety, and insomnia. (AR 61, 65).

Mr. Pacheco's back pain is related to his diagnosis for degenerative disc disease. (AR 295). An MRI of his lumbar spine from 2008 revealed findings of degenerative disc disease at L5-S1 and at the L2-3 level. (*Id*). Cervical spine x-rays from 2009 revealed focal degenerative joint disease at C5-6. (AR 386).

Mr. Pacheco also has a history of seeking treatment for headaches stemming from a head injury during an assault in 2009. (AR 308, 316, 382-83, 400, 422-23). After the assault, CT scans found a right-sided anterior temporal contusion and left-sided frontal temporal epidural hematoma. (AR 316). Mr. Pacheco was treated at the University of New Mexico Hospital and discharged three days later. (AR 321).

In addition, Mr. Pacheco has received several mental health diagnoses associated with his depression, anxiety, and insomnia. These include a mood disorder with depression and anxiety, (AR 236, 241, 246, 248), post-traumatic stress disorder and major depressive disorder, (AR 434, 487), a personality disorder not otherwise specified, and cognitive disorder not otherwise specified. (AR 400, 414).

At step one, the ALJ found that Mr. Pacheco did not engage in substantial gainful activity since the alleged onset date of January 1, 2008. (AR 15). At step two, the ALJ concluded that Mr. Pacheco was severely impaired by a status post excision of facial mass, degenerative disc disease of the lumbar spine, asthma, status post traumatic brain injury with residual cognitive disorder, and a personality disorder with aggressive and paranoid features. (*Id*). At step three, the ALJ determined that none of Mr. Pacheco's impairments, solely or in combination, met or medically equaled the severity of one of the listed impairments in 20 CFR §§ 404.1520(d), 404.1525, 404.1526,

416.920(d), 416.925, and 416.926. (AR 16).

The ALJ proceeded to step four. The ALJ found that Mr. Pacheco's statements as to the intensity, persistence, and limiting effects of his symptoms were not credible to the extent they were inconsistent with his RFC assessment. (AR 17-18). She based this finding on Mr. Pacheco's self-reported daily activities, including the fact that he engaged in work activity after the alleged date of disability onset, and his non-compliance with recommended treatment. (AR 21). The ALJ also considered objective medical evidence, including MRI scans, CT-scans and x-rays, physical and mental status examinations, and conservative medical treatment plans. (AR 18-21). As for opinion evidence, the ALJ discussed the medical opinions in the record, and seemed to give significant weight to the opinions of State Agency medical consultants, and gave little weight to the opinions of Dr. Warren Steinman and Joyce Meserve, PMHNP-BC. (AR 21-22).

The ALJ ultimately found that Mr. Pacheco could perform light work that requires no kneeling, crouching, or crawling; no more than moderate exposure to pulmonary irritants; no interaction with the public; no more than superficial contact with coworkers; and only simple, repetitive tasks. (AR 17). The ALJ then explained that, based on the testimony from the VE, Mr. Pacheco is unable to perform his past relevant work as a carpenter and construction worker. (AR 22).

At step five, the ALJ inquired whether Mr. Pacheco would be able to perform any other work existing in significant numbers in the national economy. (AR 22). The ALJ noted that Mr. Pacheco was 41 years old on the alleged disability onset date, and therefore classified as a "younger individual" in accordance with the Regulations. (AR

22). The ALJ also determined that Mr. Pacheco had at least a high school education and English-language skills. (*Id*).

The VE testified at the hearing that an individual with Mr. Pacheco's same age, education, work experience, and RFC could perform the jobs of electrical assembler and hand polisher. (AR 23). The VE stated that those jobs existed in significant numbers in the national economy. (*Id*). After finding the VE's testimony to be consistent with the Dictionary of Occupational Titles, the ALJ adopted her testimony. (AR 22).

The ALJ concluded that because Mr. Pacheco was capable of performing work existing in significant numbers in the national economy, he was not disabled pursuant to 20 C.F.R. §§ 404.1520(g) and 416.920(g). (AR 22-23).

## IV.  Analysis

Mr. Pacheco argues that the ALJ committed reversible, legal error by: (1) rendering an RFC finding that is contrary to the evidence in the record and the law because she did not properly weigh the medical opinions in the record; (2) failing to develop the record by ordering a consultative psychological evaluation; and (3) omitting any limitation regarding pulmonary irritants in the hypothetical question to the VE, rendering the adoption of the VE testimony contrary to the ALJ's RFC finding. (Doc. 15 at 4).

The Commissioner responds that the ALJ'S RFC finding is supported by substantial evidence, and that the ALJ thoroughly discussed and adequately weighed all medical opinions on the record. (Doc. 16 at 5). In addition, the Commissioner argues that the ALJ did not have a duty to develop the record by ordering a psychological consultative examination, since the record already contains two consultative mental

status examinations. (Doc. 16 at 11). Finally, the Commissioner contends that any error with regard to the hypothetical question to the VE is harmless, since the jobs the VE identified would not require more than moderate exposure to pulmonary irritants. (Doc. 16 at 12).

A. <u>Requirement to Address Probative Evidence and Weigh All Medical Opinions in the Record</u>

An ALJ must consider all evidence in the record, although she is not required to discuss every piece of evidence. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, the ALJ "must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* (citing *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)); *see also Briggs*, 248 F.3d at 1239. In the absence of findings supported by specific weighing of the evidence in the record, the ALJ leaves the Court unable to assess whether relevant evidence adequately supports her conclusion. *Clifton*, 79 F.3d at 1009.

Specifically, the Social Security Regulations require the ALJ to evaluate every medical opinion in the record. *See* 20 C.F.R. §§ 404.1527(b), 416.927(b). The Regulations define medical opinions as statements that reflect "judgments about the nature and severity of your impairment(s)." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Mere collections of treatment notes, including subjective complaints and treatment prescribed, do not constitute medical opinions. *Eacret v. Barnhart*, No. 04-5062, 120 Fed. Appx. 264, 267 (10th Cir. Jan. 10, 2005) (unpublished); *Moua v. Colvin*, No. 12-5161, 541 Fed. Appx 794, 797 (10th Cir. July 30, 2013) (unpublished).

Every medical source opinion, including those of non-examining State Agency physicians, should be weighed by the ALJ in consideration of the following, applicable "deference factors":

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003); *see also* 20 C.F.R. §§ 404.1527(c)-(d) and 416.927 (c)-(d). Based on these factors, "an examining physician's opinion is normally entitled to more weight than a non-examining physician's opinion." *Kerwin v. Astrue*, 224 Fed. Appx. 880, 884 (10th Cir. 2007) (citing *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all.") (internal citations omitted)). Ultimately, the ALJ must give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight that she ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119 (citations omitted). Failure to do so constitutes legal error. *See Kerwin*, 224 Fed. Appx. at 884.

B.  *The ALJ's Analysis of Medical Opinions in the Record*

Mr. Pacheco argues that the ALJ failed to properly weigh all medical opinions in the record, and did not provide adequate reasons for rejecting or ignoring opinions inconsistent with her RCF finding. (Doc. 16 at 11). Specifically, Mr. Pacheco contends that the ALJ did not properly weigh or provide adequate reasons for rejecting the

opinions of Dr. Michael Gzaskow, Dr. Warren Steinman, and nurse practitioner Joyce Meserve, PMHNP-BC. (Doc. 15 at 10-13; Doc. 17 at 1-5).

The Commissioner responds that the ALJ considered all medical opinions in the record, and had adequate reasons for rejecting those opinions inconsistent with her RFC finding. Thus, the ALJ's analysis does not require reversal. (Doc. 16 at 5-10).

   1.  *The Opinion of Dr. Michael Gzaskow*

Mr. Pacheco contends that the ALJ failed to discuss why she rejected Dr. Gzaskow's opinion that Mr. Pacheco is unable to follow through on even basic directions due to his physical problems. (Doc. 15 at 5, 11). Mr. Pacheco argues that this complete failure to discuss the opinion is error requiring reversal. (Doc. 15 at 11).

The Commissioner responds that the ALJ thoroughly discussed Dr. Gzaskow's opinion. (Doc. 16 at 8). The Commissioner maintains that the ALJ did not reject Dr. Gzaskow's opinion, as it is consistent with her RFC finding, since other parts of his examination revealed largely normal findings, including that Mr. Pacheco could "attend to simple tasks." (*Id*).

The ALJ discussed Dr. Gzaskow's functional assessment, including his opinion that Mr. Pacheco can understand basic directions, but cannot follow through due to his physical problems as noted above. (AR 19-20, 237). However, the ALJ is silent as to the weight she gives the assessment. (AR 19-20). As a result, the Court is unable to determine how exactly the assessments supported the ALJ's decision, or why the ALJ rejected the opinions inconsistent with her findings. *See Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("[W]hen, as here, an ALJ does not provide any

explanation for rejecting medical evidence, we cannot meaningfully review the ALJ's determination.").

Even if parts of Dr. Gzaskow's assessment are consistent with the ALJ's RFC finding, as the Commissioner argues, "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). Therefore, the Court agrees that the ALJ should have explained what weight she gives the opinion, or why she has given it any weight in the first place.

   *2.  The Opinion of Dr. Warren Steinman*

Mr. Pacheco also argues that the ALJ erred by failing to provide Dr. Steinman's opinion with any significant weight. (Doc. 15 at 11). Mr. Pacheco contends that the ALJ's explanation, that his opinion as to Mr. Pacheco's level of functioning is inconsistent with the record, is insufficient for two reasons: (1) because the ALJ did not elucidate the content of the medical evidence that is contrary to Dr. Steinman's opinion; and (2) because the ALJ did not weigh Dr. Steinman's opinion in accordance with the regulatory factors in 20 C.F.R. §§ 404.1527 and 416.927. (*Id*).

    The Commissioner responds that it was proper for the ALJ to discount Dr. Steinman's opinion, since she noted other medical evidence in the record that was inconsistent with Dr. Steinman's findings. (Doc. 16 at 9-10). The Commissioner maintains that this reasoning is adequate, because the ALJ need not explicitly discuss every factor under 20 C.F.R. §§ 404.1527 and 416.927. (Doc. 16 at 10).

    The ALJ discussed Dr. Steinman's psychological assessment of Mr. Pacheco. She mentions his opinion that Mr. Pacheco is capable of understanding very basic

instructions, but is incapable of carrying out the tasks he understands, that Mr. Pacheco is unable to relate productively with others, is not likely to be able to take reasonable supervision, cannot be counted on to adapt to changing work demands or routines, and needs help in the management of his own financial resources. (AR 20, 400). The ALJ afforded Dr. Steinman's opinions insignificant weight, because "his opinion is inconsistent with the medical evidence when viewed in its entirety." (AR 21).

When weighing a medical opinion, the ALJ is not required to discuss and apply all the 20 C.F.R. §§ 404.1527(d) and 416.927 factors. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). A failure to do so does not preclude meaningful review. *Marshall v. Astrue*, No. 08-1189, 315 Fed. Appx. 757, 761 (10th Cir. Mar. 10, 2009) (unpublished) (internal citations omitted). Indeed, the fact that a medical opinion lacked consistency with the record as a whole may be a valid reason for rejecting the opinion. *See id.*; *see also Calhoun v. Barnhart*, No. 02-5212, 85 Fed. Appx. 678, 685 (10th Cir. Dec. 30, 2003) (unpublished).

However, here the ALJ cursorily rejected Dr. Steinman's medical opinion as inconsistent with the medical record as a whole, without providing any further explanation. (AR 21). This Court's review of the record indicates otherwise.

First, several other medical sources diagnosed Mr. Pacheco with various mental health issues, supporting Dr. Steinman's restrictive limitations.  These include a mood disorder with depression and anxiety, (AR 236, 241, 246, 248), post-traumatic stress disorder and major depressive disorder, (AR 434, 487), and a personality disorder not otherwise specified. (AR 414). In addition, several doctors and other medical sources, including State Agency medical consultants, opined that Mr. Pacheco's symptoms result

in moderate to marked difficulties in maintaining concentration, persistence or pace, and maintaining social functioning. (AR 253, 417, 483, 484).

Further, as the ALJ noted, Mr. Pacheco received a Global Assessment of Functioning ("GAF") score of 49 at the New Mexico Behavioral Health Institute, (AR 434), indicating "[s]erious symptoms ... [or] serious impairment in social, occupational, or school functioning."[2] *Pisciotta v. Astrue*, 500 F.3d 1074, 1076 n.1 (10th Cir. 2007 (citing *Langley*, 373 F.3d at 1122 n.3). GAF scores between 41 and 50 suggest an inability to keep a job. *Id*. Mr. Pacheco later received GAF scores of 52 in November 2011, (AR 454), and 45 in June 2012. (AR 492).

Based on the foregoing, the ALJ's reasoning for rejecting Dr. Steinman's opinion is not substantiated in the record. *Smith v. Barnhart*, No. 02-3193, 61 Fed. Appx. 647, 650 (10th Cir. April 17, 2003) (unpublished). Therefore, the ALJ's explanation for affording his opinion insignificant weight is inadequate.

### 3.  The Opinion of Joyce Meserve, PMHNP

Although not specifically raised in Mr. Pacheco's opening brief, the parties also dispute the ALJ's analysis of Ms. Meserve's assessment of Mr. Pacheco's functioning. (Doc. 16 at 5-7; Doc. 17 at 1-3).

The ALJ discussed Ms. Meserve's findings in detail, including her diagnoses of depressive syndrome and an anxiety disorder. (AR 21, 483-84). Ms. Meserve opined that these conditions resulted in marked difficulties maintaining social functioning and marked difficulties in maintaining concentration, persistence, or pace. (*Id*). The ALJ

---

[2] "The GAF is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning." *Lanley*, 373 F.3d at 1122 n.3 (citing American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (Text Revision 4th ed. 2000) [DSM–IV–TR] at 32).

gave Ms. Meserve's opinion little weight, however, reasoning that she had not  provided treatment notes establishing a treating relationship with Mr. Pacheco or showing that her findings were made upon examination.  (AR 21-22).

As the Commissioner notes, Ms. Meserve is not an "acceptable medical source" pursuant to 20 C.F.R. § 1513(a)(1)-(5). (Doc. 16 at 6). "Acceptable medical sources" include physicians, psychologists, certain optometrists and podiatrists, and certain speech-language pathologists. *Id.* Rather, Ms. Meserve is a nurse practitioner, or an "other" medical source, pursuant to 20 C.F.R. § 1513(d)(1). The opinions of "other" medical sources should still be weighed. Indeed, the Regulations state that "regardless of its source, we will evaluate every medical opinion we receive." 20 C.F.R. § 404.1527(d). Social Security Ruling 06-03p clarifies that the factors to weigh medical opinions of acceptable medical sources "set out in 20 C.F.R. §§ 404.1527(d) and 416927(d) apply equally to 'all opinions from medical sources who are not acceptable medical sources as well as from other [non-medical] sources.'" *Franz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (citing Social Security Ruling 06-03p, 2006 WL 2329939, at *4).

Here, the ALJ assigned little weight to Ms. Meserve's opinion because it was not established that she had a treating relationship with Mr. Pacheco, or that her findings were based on examination. (AR 21-22). However, the ALJ stated that State Agency medical consultants, while non-examining, non-treating physicians, may provide opinions that "must be considered and weighed as those of highly qualified physicians who are experts in the evaluation of the medical issues in disability claims." (AR 21). It is implied, although she does not specifically state, that the ALJ gives significant weight

to non-treating, non-examining State Agency medical consultants, but does not explain why Ms. Meserve, as a non-treating, non-examining source should be afforded little weight in comparison.

The Commissioner argues that the ALJ gave Ms. Meserve's opinion little weight because the medical record as a whole and Ms. Meserve's treatment notes do not support her findings. (Doc. 16 at 6-7). However, the Court does not accept this reasoning, as the Commissioner's *post hoc* arguments cannot supplement the ALJ's decision. *See Haga*, 482 F.3d at 1207-08. The Court finds that the weight afforded to Ms. Meserve's opinion should be clarified on remand.

## V.    Conclusion

For the reasons discussed above, the Court concludes that the ALJ failed to properly weigh the medical opinions in the record. On remand, the ALJ should properly weigh the medical opinions, including those discussed in this Order. The Court does not decide any other issue raised by Mr. Pacheco, as these matters are mooted by the proceedings conducted or the disposition reached on remand.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for Rehearing, With Supporting Memorandum*, (Doc. 15), be **GRANTED** and that this case be **REMANDED** to the Commissioner for further proceedings.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE